IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX BELFI, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-5672 |
| | : | |
| RADIUS BANCORP, *et al.* | : | |
|     Defendants. | : | |

### MEMORANDUM

**PADOVA, J.**                                                                                                                              **FEBRUARY 2, 2022**

      In a prior Memorandum and Order, *Belfi v. Radius Bancorp*, No. 21-5672, 2022 WL 93930 (E.D. Pa. Jan. 10, 2022), the Court dismissed the Complaint filed by Alex Belfi pursuant to 42 U.S.C. §§ 1983 and 1985. Belfi's civil rights claims were dismissed with prejudice and his state law claims were dismissed for lack of subject matter jurisdiction. Belfi has filed a Motion seeking reconsideration of the dismissal Order (*see* ECF No. 8). For the following reasons, the Motion is denied.

**I.      BACKGROUND**

      Belfi asserted claims in his Complaint pursuant to § 1983 against two state court judges and several non-state actors. Because judges are absolutely immune from civil rights claims based upon acts taken in their judicial capacities, *see Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978), the § 1983 and § 1985 claims against Judges Padilla and McInerney were dismissed with prejudice. *Belfi*, 2022 WL 93930, at *4. Because the other named Defendants were not "state actors" subject to liability for civil rights violations under § 1983, these claims were also dismissed with prejudice. *Id*. at *3-4. Finally, because Belfi failed to allege a civil rights conspiracy, this claim was dismissed as well for several stated reasons, even though there is no

"state actor" element of a § 1985 conspiracy claim. *Id*. at *5 (stating in part "Belfi has not alleged [the non-state actor Defendants] were motivated by a racial or class based discriminatory animus designed to deprive him of the equal protection of the laws.  Rather, Belfi makes no allegation whatsoever about racial animus being a motivating factor and there is no other plausible suggestion that their alleged acts attempting to seize his exempt veteran's benefits was motivated by an animus condemned by the statute.  Finally, his conspiracy allegations centering on the parties' involvement with a case filed in the Court of Common Pleas are not plausible.").

Preliminary to the discussion of the § 1983 claims, the Court noted that Belfi had cited 38 U.S.C. § 5301 in the section of his Complaint containing his § 1983 allegations. *Id*. at *2, n.2 (*see also* ECF No. 1 at 8).  Section 5301 provides that veteran's benefit payments are non-assignable and "exempt from the claims of all creditors."  The Court stated in a footnote that

> While the statute is intended to be used as a defense to garnishment and other collection efforts in the satisfaction of a judgment, *see e.g., Younger v. Mitchell*, 777 P.2d 789, 793 (Kan. 1989) (holding that veteran's disability benefits are exempt from garnishment under the statute), the Court has been unable to find any statutory language or case law providing that the statute creates a cause of action against a party that has sought to garnish exempt funds.  Accordingly, to the extent Belfi attempts to assert a cause of action for violation of § 5301, that claim will be dismissed.

*Id*. at *2, n.2.

## II.  STANDARD OF REVIEW

A motion for reconsideration should be granted only where the moving party shows that at least one of the following grounds is present:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ).

**III.   DISCUSSION**

Belfi argues in his Motion that the Court erred in stating in the footnote that § 5301 does not create a cause of action against a party that has sought to garnish exempt funds. In support of his argument, he cites *Higgins v. Beyer*, 293 F.3d 683, 689 (3d Cir. 2002), asserting that the United States Court of Appeals for the Third Circuit has held that the statute does create a cause of action. This is not an accurate reading of *Higgins*.

The case involved a New Jersey inmate who sued a state actor, namely a prison administrator, under § 1983 when $1,000 of veteran's benefits that had been deposited into Higgins's inmate trust account was held for payment of his outstanding victim restitution liability. *Id*. at 686-87. Noting that a § 1983 plaintiff must allege a "violation of a federal right, and not merely a violation of federal law," *id*. at 689 (quoting *Pa. Pharmacists Ass'n v. Houstoun,* 283 F.3d 531, 535 (3d Cir. 2002) (*en banc*)), the Third Circuit went on to discuss whether § 5301 established a federal right that could be vindicated in a § 1983 claim. Applying the tripartite test of *Blessing v. Freestone,* 520 U.S. 329, 340-41 (1997),[1] the Third Circuit held

> Congress may impliedly foreclose a remedy under § 1983 "by creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983." *Blessing*, 520 U.S. at 341, 117 S. Ct. 1353. Section 5301(a) contains neither express language nor a comprehensive enforcement scheme that demonstrates that Congress intended to foreclose a remedy under § 1983 for a violation of § 5301(a). We are persuaded that § 5301(a) provides a federal right that is enforceable under § 1983.

*Higgins*, 293 F.3d at 689 (citing *Blessing*, 520 U.S. at 341).

---

[1] "First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." *Higgins*, 293 F.3d at 689 (quoting *Blessing*, 520 U.S. at 340-41).

The holding of *Higgins* is inapposite to this Court's reasons for dismissing Belfi's § 1983 claims. Belfi's claims against the judicial defendants were dismissed because those individuals are absolutely immune from suit under the civil rights statutes. The § 1983 claims against the non-state actors were dismissed because § 1983 applies only to state actors. Since none of the individuals Belfi named were properly liable under § 1983, the issue of whether § 5301 created a federal right that could be vindicated in such a claim was never reached.

Neither was there error in the Court's observation that the statute failed to create a "stand-alone" cause of action against a party that has sought to garnish exempt funds. The holding of *Higgins* is specifically limited to whether the statute creates a federal right, not a federal cause of action. In that case, the cause of action was provided by § 1983, not § 5301. "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction. . . . [W]hat must ultimately be determined is whether Congress intended to create the private remedy. . . ." *Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15 (1979) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)) (additional citations omitted). Congress failed to include an *express* provision in § 5301 creating a private right of action by one receiving veteran's benefits against an individual or entity that has, or has attempted to attach, levy, or seize those benefits. Rather, Congress has created a *defense* to the use of such remedies on a claim against the veteran receiving federally administered benefits. *See* § 5301(a)(1) ("Payments of benefits due or to become due under any law administered by the Secretary . . . shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."). Also, this provision, contained in the chapter of general administrative provisions of benefits administered by the Secretary of Veterans' Affairs, has never been interpreted as *implying* a Congressional intent to create a cause of action.

Notably, the holding of *Higgins* has never been extended beyond the § 1983 prisoner-based context of a suit against a state actor so as to imply a stand-alone cause of action was intended.

Finally, Belfi also argues in his Motion, citing Pa. R. Civ. P. 3108 and 3111.1, that Defendants Wagner and Lussier are state actors because "they employed a role reserved for the Sheriff who, upon court order, issues a Writ of Execution to garnish funds. . . ."[2]  This argument fails to show a need to correct a clear error of law or fact or to prevent manifest injustice.

---

[2] Pennsylvania Rule 3108 provides in pertinent part that:

(a) Service of the writ shall be made by the sheriff in the case of

(1) tangible personal property, by levy thereon or, if the property is in possession of a third person who prevents a levy or fails to make the property of the defendant available to the sheriff for levy, by serving the third person as garnishee; . . .
(2) a lien upon real property created under a mortgage, judgment or otherwise, by serving as garnishee the mortgagor, judgment or lien debtor, and the real owner of the real property upon which the mortgage, judgment or other lien is secured, as provided in Rule 3113; . . .
(3) the interest of the defendant in a partnership, by serving the partnership as garnishee;
(4) other intangible personal property and rents, by serving a garnishee; . . .
(5) real property of the defendant, title to which is recorded in the name of a third party, by levy and attachment as provided by Rule 3112;
(6) all other real property in the county, by noting upon the writ a brief description of the real property levied upon and a statement that the sheriff has levied upon the defendant's interest therein.

Pa. R. Civ. P. 3108.  Rule 3111.1 provides in pertinent part that:

In the absence of a court order, service of the writ upon a bank or other financial institution as garnishee shall not attach
(1) the first $10,000 of each account of the defendant containing any funds which are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law, . . .
(2) each account in which funds on deposit exceed $10,000 at any time if all funds are deposited electronically on a recurring basis and are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or federal law, and
(3) the funds on deposit, not including any otherwise exempt funds, that do not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123. The plaintiff shall have the right to file an objection if the plaintiff believes that the defendant has exhausted the statutory exemption.

In Claim 1 of his Complaint, Belfi alleged that Attorneys Wagner and Lussier were "acting as officers of the court, clothed with court authority and coercive powers of the state" when they acted to enforce a court order freezing his bank account. (ECF No. 1 at 8.) He also asserted § 1983 claims in Claims 3 and 4 that Wagner and Lussier violated his constitutional right to privacy based upon their issuing a subpoena for his bank records. (*Id.* at 10-12.) In the prior Memorandum, the Court held as a matter of law that "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of § 1983." *Belfi*, 2022 WL 93930, at *4 (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 (3d Cir. 1999).) Whether or not they violated a state rule of procedure does not change the conclusion that Wagner and Lussier cannot be deemed to be state actors liable under § 1983 by virtue of their employment as private attorneys representing a client in a civil litigation.[3]

An appropriate Order follows denying the Motion.

**BY THE COURT:**


  /s/ John R. Padova_____
  JOHN R. PADOVA, J.

---

Pa. R. Civ. P. 3111.1.

[3] Because the Court dismissed Belfi's state law claims for lack of subject matter jurisdiction, no opinion is expressed herein on the plausibility of any state law claim Belfi may seek to raise in a proper state court forum.