
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX BELFI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RADIUS BANCORP, et al. | : | NO. 21-5672 |

## ORDER-MEMORANDUM

**AND NOW**, the 24th day of July, 2023, upon consideration of Plaintiff Alex Belfi's "Motion to Consolidate pursuant to 42(a) and Motion pursuant to Rule 60(b)(4), (b)(6)" (ECF No. 11), **IT IS HEREBY ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to reopen this case for the purpose of considering the Motion.

2. To the extent the Motion seeks to consolidate this case with *Brophy v. Belfi*, Civ. A. No. 23-1551 (E.D. Pa.), the Motion is **DENIED AS MOOT**.

3. To the extent the Motion seeks relief pursuant to Federal Rule of Civil Procedure 60(b), the Motion is **DENIED** as untimely and meritless.

4. The Clerk is **DIRECTED** to close this case.

Plaintiff Alex Belfi commenced this case in 2021, and the Court dismissed it in a Memorandum and Order filed on January 10, 2022. (ECF Nos. 6, 7.) Belfi subsequently filed a motion for reconsideration, and the Court denied that motion in a Memorandum and Order filed on February 3, 2022. (ECF Nos. 9, 10.) Belfi did not take a direct appeal of the dismissal order.

Belfi's now pending motion seeks in part an order consolidating this case with *Brophy v. Belfi*, Civ. A. No. 23-1551. However, that case, which Belfi removed from state court, has been remanded. Accordingly, Belfi's motion is denied as moot insofar as it requests consolidation with that closed case.

Belfi's motion also seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(6). Rule 60(b) provides in pertinent part as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> \* \* \*
> (4) the judgment is void; [or]
>
> \* \* \*
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made and states that motions made pursuant to subparagraphs (b)(4) and (b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c).

In his motion, filed on July 17, 2023, Belfi appears to assert that he is entitled to relief under Rule 60(b)(4) and (6) because the Court's application of the *Rooker-Feldman* doctrine was incorrect. (ECF No. 11 at 3-8.) Specifically, he appears to seek relief under Rule 60(b)(4) asserting this Court's judgment is void because the judgment in an underlying state court matter, upon which the *Rooker-Feldman* holding was based, was also void. (ECF No. 11 at 4-5 ("Here Belfi reiterates in regards the Philadelphia Court of Common Pleas case #171204000, that the final 'judgment' . . . is **VOID AB INITIO** and any preceding court orders, especially the garnishment of his veteran disability payments is equally as void.").) Belfi asserts that the judgment in the state court case is void because the Court of Common Pleas lacked subject matter jurisdiction to decide it. (*Id*. at 5.) He also seeks relief under Rule 60(b)(6) asserting that the Court erred in dismissing on grounds of absolute judicial immunity the state court judges he named as Defendants in this case, because those judges lacked all jurisdiction to hear the underlying case. (*Id*. at 8-9.)

The Court finds that the pending motion, filed approximately one year and six months after the date of the dismissal order, was not filed within a reasonable time as required by Rule 60(c). The argument that the state court lacked subject matter jurisdiction and that the *Rooker-Feldman* aspect of the Court's prior holding was therefore in error, is one that could have been raised in Belfi's motion for reconsideration, since the state court judgment was already in existence and final at that time.[1] It could also have been the subject of a direct appeal of the dismissal order. It is therefore unreasonable for Belfi to have waited so long to file his motion. *See Fonzone v. Oteri*, No. 22-2301, 2023 WL 1813497, at *2 (3d Cir. Feb. 8, 2023) (affirming denial of relief under Rule 60(b) where the arguments asserted "should have raised via appeal") (citing *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal)); *see generally Kemp v. United States*, 142 S. Ct. 1856, 1864 (2022) (declining to define the "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b)(1) motions alleging errors that could have been raised in a timely appeal); *see also Estate of Hernandez v. Kretz*, Civ. A. No. 12-3152, 2015 WL 4392366, at *3 (D.N.J. July 15, 2015) (finding "nearly two years after judgment" did not satisfy Rule 60(c)'s "reasonable time" standard); *Baker v. Douglas*, Civ. A. No. 08-770, 2010 WL 4386476, at *3 (M.D. Pa. Oct. 29, 2010) (finding that Rules 60(b) motion filed exactly one-year after entry of final judgment did not satisfy the reasonable-time requirement).

Moreover, the motion lacks serious merit. First, Belfi seeks to use the highly limited *Rooker-Feldman* aspect of the Court's prior holding as a "wag the dog" method of reopening the

---

[1] (*See* ECF No. 6 at 3 (discussing the procedural history of the state court case and noting that a trial commenced in November 2019 in the Court of Common Pleas and that Belfi's subsequent appeal of the trial court's judgment was quashed in April 2020 because he failed to file post-trial motions and a Rule 1925 statement of issues presented on appeal).)

entire case under Rule 60(b). That aspect of the prior holding, relegated to a footnote, discussed why Belfi was not entitled to a portion of the *relief* he sought in this case, namely the immediate release of funds subject to the state court judgment.[2] (ECF No. 6 at 4-5 n.3.) It was not a ground upon which the Court determined that Belfi's *claims* were not plausible and subject to dismissal. His claims were dismissed in a thorough discussion of the applicable law because (1) the judicial defendants were entitled to absolute immunity, (2) the private entities and attorneys he named were not state actors subject to liability under 42 U.S.C. § 1983, (3) the failure to allege that the Defendants were motivated by a racial- or class-based discriminatory animus designed to deprive Belfi of the equal protection of the laws rendered his § 1985 conspiracy claim implausible, and (4) Belfi failed to meet his burden of alleging complete diversity to support the Court's exercise of subject matter jurisdiction over his state law claims. (*Id*. at 6-12.)

Second, Belfi asserts the Court erred in determining that the judges he named as Defendants were entitled to absolute judicial immunity. He cites two Pennsylvania statutes, 15 Pa. Cons. Stat. § 411 and 54 Pa. Cons. Stat. § 331(a), in support of his apparent assertion that the judicial Defendants were not entitled to absolute immunity for his claims because the Court of Common Pleas did not have jurisdiction to hear the underlying case and, thus, the judicial Defendants lacked all jurisdiction to act in that case. (ECF No. 11 at 5.) The first cited statute, which concerns registration to do business in Pennsylvania, provides that a "foreign filing association or foreign limited liability partnership doing business in this Commonwealth may not maintain an action or proceeding in this Commonwealth unless it is registered to do business under this chapter." 15 Pa. Cons. Stat. § 411(b). The second statute states that no entity that has failed to register a fictitious

---

[2] The Court held in the alternative that this form of injunctive relief, centered on the ownership of money, could not plausibly support a claim that Belfi would suffer an irreparable injury. (*Id*. at 4-5 n.3.)

4

name "shall be permitted to maintain any action in any tribunal of this Commonwealth." 54 Pa. Cons. Stat. § 331(a). Neither of these statutes establish that the Court of Common Pleas lacked subject matter jurisdiction to hear the underlying case.

> That court's jurisdiction is established by 42 Pa. Cons. Stat. § 931, which provides:
>
> Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas.

*Id.* § 931(a). The statutes Belfi cites do not strip the Court of Common Pleas of its subject matter jurisdiction under § 931. Neither statute vests subject matter jurisdiction in another court of the Commonwealth. Rather, they provide that foreign filed entities and entities with fictitious names consent to the exercise of general personal jurisdiction in the tribunals of the Commonwealth. *See Diab v. British Airways, PLC*, Civ. A. No. 20-3744, 2020 WL 6870607, at *4 (E.D. Pa. Nov. 23, 2020) (citing both statutes). Belfi also provides no support for his implied premise that a litigant in the underlying state court case was "unregistered" either as an entity or as to its fictitious name.[3] Accordingly, the Rule 60(b) argument directed to the Court's finding that the judicial Defendants were entitled to absolute immunity is patently meritless.

---

[3] Belfi also implies that he raised this argument in the Court of Common Pleas (*see* ECF No. 11 at 6 (stating that he challenged the parties' "standing to sue" in the underlying state court matter)), but that "the trial court restricted [him] from further addressing this matter at trial in violation of his Due Process and right to be heard/present his side of the argument" (*id.* at 7). His allegation that he was denied due process also does not establish that the court lacked subject matter jurisdiction over the case.

For the above reasons, Belfi's motion presents no cause to grant relief under Rule 60(b) and that portion of the motion, like the portion that sought consolidation, is denied. Belfi's motion is therefore denied in its entirety.

BY THE COURT:

/s/ John R. Padova, J.

_____

JOHN R. PADOVA, J.